ALAN L. FRANK LAW ASSOCIATES, P.C.
Evan L. Frank, Esq.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN TAVARES, | Civil Action |
| Plaintiff | Docket No.: |
| v. | JURY TRIAL DEMANDED |
| KINDER WORKS III, INC.<br>d/b/a KINDER WORKS<br>595 Bethlehem Pike, Building 500<br>Montgomeryville, PA 18936 | |
| Defendant. | COMPLAINT |

## COMPLAINT

Plaintiff Colleen Tavares, by and through her undersigned counsel, hereby brings this Complaint against Defendant Kinder Works III, Inc. d/b/a Kinder Works and in support thereof respectfully sets forth as follows:

### PARTIES

1. Colleen Tavares ("Tavares") is a female adult individual residing at 902 N. York Road, Willow Grove, PA 19090.

2. Kinder Works III, Inc. ("Kinder Works") is a Pennsylvania corporation with a principal place of business at 595 Bethlehem Pike, Building 500, Montgomeryville, PA 18936.

3. At all times material hereto, Kinder Works has been an "employer" as defined under Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, specifically including the Pregnancy Discrimination Act of 1978 and is subject to the provisions thereof.

4. At all times relevant hereto, Kinder Works was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Kinder Works.

5. At all times relevant hereto, Kinder Works has been a "person" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, specifically including the Pregnancy Discrimination Act of 1978 and is subject to the provisions thereof.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) because the only Defendant resides in this District and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

8. Prior to filing the instant action, Plaintiff filed a charge of discrimination on the basis of gender and pregnancy discrimination against Kinder Works with the Equal Employment Opportunity Commission ("EEOC") on or about November 19, 2013, within 300 days of

the commission of the unlawful employment practice alleged herein.

9. More than 180 days have expired since Plaintiff filed the charge of discrimination with the EEOC. The EEOC therefore issued a Notice of Right to Sue on May 27, 2014. A true and correct copy of the Notice of Right to Sue is attached hereto and incorporated herein as "Exhibit A."

10. This Complaint has been filed within 90 days after receipt of the EEOC's Notice of Right to Sue.

## FACTS COMMON TO ALL COUNTS

### A. Introduction.

11. This is a pregnancy discrimination case. Defendant Kinder Works operates schools for toddlers and young children. Plaintiff Tavares was employed as a teacher at Kinder Works for approximately eight years. Tavares was hired by Kinder Works as a substitute teacher in 2004. Tavares was quickly promoted to a full-time position. In 2011, Kinder Works again promoted Tavares. Tavares received excellent performance evaluations during her first seven years of employment at Kinder Works.

12. Kinder Works maintained a pattern and practice of discrimination against pregnant employees. Nicole Stewart, Tavares' direct supervisor, and April Bass, the proprietor of Kinder Works, made it well-known to Tavares and other teachers that they hated pregnant teachers because pregnant teachers imposed a burden on other teachers. Kinder Works would often encourage engaged or newly married female teachers not to have children, or to have at most one child, in order to not hinder the teacher's career at Kinder Works. Teachers who became pregnant almost invariably received negative performance

evaluations. Kinder Works' policies were designed to dissuade employees from reporting Kinder Works' abusive practices.

13. When Kinder Works learned that Tavares was pregnant with her second child, Kinder Works suddenly changed course and issued Tavares her worst performance evaluation in eight years of employment. Tavares became the target of constant verbal abuse by her direct supervisor, Nicole Stewart. On one occasion, Nicole Stewart's beratement of Tavares was so severe and prolonged that Tavares, then six months pregnant, had a panic attack, became short of breath, and was transported from Kinder Works to a hospital via ambulance.

14. Kinder Works also targeted Tavares' first child, then 27 months old and enrolled at Kinder Works. Kinder Works placed Tavares' first child in a class with younger children rather than children his own age under the pretext that his presence would create behavioral problems with the rest of the class.

15. Tavares briefly attempted to return to work following her hospitalization but prior to the end of her pregnancy. However, Tavares was unable to continue at that time due to the abusive conduct of Kinder Works and the late stage of her pregnancy. During this period, Kinder Works instructed Tavares verbally and by telephone to submit a written resignation of her position. Tavares refused and provided a note from her doctor stating that she needed modified bed rest. Following the birth of Tavares' second child, Kinder Works mailed several letters to Tavares purporting to confirm that Tavares would abandon her employment if she did not return by a specific date. In fact, Kinder Works knew that Tavares was unable to return by the date specified, due to her second child

being only several weeks old and due to the abusive conduct of Tavares' supervisors.

16. Despite the reasons given by Kinder Works, Tavares' pregnancy was in fact the motivation behind the negative performance evaluations, Kinder Works' targeting of Tavares' first child, Kinder Works' abusive conduct which caused Tavares to be hospitalized, and Tavares' termination. Kinder Works' practices discriminated against Tavares with respect to the terms, conditions, and privileges of her employment in violation of Title VII of the Civil Rights Act. Kinder Works' outrageous conduct was intentional and in reckless disregard for Tavares' rights and warrants an award of compensatory and punitive damages, along with costs of suit and attorney's fees.

B. **Tavares Begins Working at Kinder Works as a Substitute Teacher in 2004. Kinder Works Quickly Promotes Tavares to a Full-Time Position. Tavares Receives Another Promotion in 2011. Tavares Receives Positive Performance Evaluations for Approximately Seven Years.**

17. Tavares is an adult female, age thirty-four (34), date of birth November 21, 1979.

18. Tavares commenced working for Kinder Works in March, 2004.

19. Kinder Works is in the business of educating young children and toddlers.

20. During Tavares' employment, her direct supervisor was Nicole Stewart ("Stewart"). Additionally, Tavares was supervised by April Bass ("Bass"), the proprietor of Kinder Works.

21. Tavares was hired in March, 2004 as a substitute teacher.

22. In September, 2004, Tavares was promoted to the position of Gym and Music Specialist.

23. In September, 2011, Tavares was promoted to the position of Group Teacher. Tavares held this position until the termination of her employment.

24. During Tavares' approximately 8-year tenure at Kinder Works, Tavares held additional roles in Kinder Works' summer programs.

25. During the summers of 2004-2008, Tavares held the position of Team Sports Specialist.

26. During the summer of 2009, Tavares trained for and was promoted to the Performing Arts Camp Specialist position, which she held until the end of the 2011 summer. Tavares was given another promotion and additional duties in the summer of 2012, while working under the same title.

27. During the first seven years of Tavares' employment at Kinder Works, Tavares received positive annual performance evaluations.

C. **Kinder Works Maintains a Pattern and Practice of Discrimination Against Pregnant Employees. Tavares' Supervisors, Stewart and Bass, Made it Well-Known to Tavares and Other Employees That They Hated Pregnant Women for Burdening Other Teachers. Kinder Works Often Encouraged Engaged or Newly Married Female Teachers Not to Become Pregnant. Pregnant Teachers Almost Invariably Receive Negative Performance Evaluations.**

28. Kinder works maintained a pattern and policy of discriminating against pregnant employees.

29. Pregnant employees would almost invariably receive negative performance evaluations.

30. Kinder Works had a practice of encouraging engaged or newly married female employees not to become pregnant, or to have at most one child.

31. Bass and Stewart made it well-known to Kinder Works employees that they hated pregnant teachers because pregnant teachers were a burden to their coworkers.

32. Kinder Works' policies were designed to dissuade Tavares and other employees from reporting the discriminatory conduct under threat of retaliation.

**D.     Kinder Works Learns of Tavares' Second Pregnancy and Issues Tavares Her Worst Performance Evaluation in Eight Years of Employment. Kinder Works Targets Tavares' First Child, Then-Enrolled at Kinder Works, by Placing Him in a Class with Younger Children Rather Than Children His Own Age. Kinder Works Targets Tavares With Constant Verbal Abuse. On One Occasion, Kinder Works' Verbal Attack is so Severe and Prolonged that Tavares, Then Six Months Pregnant, Becomes Hospitalized.**

33. Although Kinder Works gave Tavares positive performance evaluations and two promotions during Tavares' approximately seven years of employment, Kinder Works suddenly changed course when it learned that Tavares was pregnant with her second child.

34. Kinder Works learned that Tavares was pregnant with her second child in late 2012.

35. In January, 2013, Tavares received her worst employment evaluation in 8 years of employment at Kinder Works.

36. On January 31, 2013, Tavares' supervisors held a meeting with Tavares, purportedly to discuss her negative performance. Tavares' supervisors pressured her to sign the evaluation, indicating that she agreed with the negative performance evaluation.

37. In March, 2013, Tavares' firstborn child became a target of Kinder Works' discrimination. Tavares' son, then 27 months old, was enrolled at Kinder Works. Tavares' son was passed over for a spot in a class for his age group and instead placed in a class with younger children under the pretext that his presence would negatively affect the behavior of other children in the class. Despite the reason given by Kinder Works, Tavares' son was left in a class with younger children because of Kinder Works' animosity toward Tavares.

38. On March 13, 2013, Stewart berated Tavares after Tavares asked for help with the

behavior of several students. At the time, Tavares was six months pregnant. Tavares began to cry, and Stewart responded: "Oh Colleen, that's all hormones." Stewart continued to berate Tavares as Tavares continued to cry and became short of breath. Tavares' condition worsened and she became unable to speak because of her difficulty breathing. However, Stewart relentlessly continued to verbally attack Tavares. Stewart's conduct was so severe and prolonged that it caused Tavares to require medical attention, and Tavares was taken from Kinder Works to a hospital by ambulance.

39. Tavares briefly attempted to return to work several weeks after her hospitalization but was unable due to the abusive conduct of Kinder Works and the late stage of her pregnancy. Despite the foregoing, Kinder Works verbally instructed Tavares to submit a written resignation. Tavares refused and provided Kinder Works with a note from her doctor advising that Tavares needed modified bed rest due to increased anxiety following Tavares' panic attack.

40. After Tavares gave birth to her second child, Kinder Works sent several letters purporting to confirm that her employment would be considered abandoned if she did not return on June 13, 2013.

41. In fact, Kinder Works knew that Tavares was unable to return on that date because her newborn child was only four weeks old and her supervisors had created a hostile and abusive working environment which had caused her to be hospitalized only a few months prior.

42. The negative performance evaluations and letters alleging that Tavares had abandoned her employment were merely pretext. Despite the reasons given by Kinder Works,

Tavares was terminated and verbally abused because of her pregnancy.

43. The effect of Kinder Works' policies and practices has deprived Tavares of equal employment opportunities and has adversely affected her status as a Kinder Works employee.

44. Further, Tavares has been deprived of income and other benefits solely on the basis of her gender and pregnancy.

45. As direct and proximate result of Kinder Works' intentional discrimination, Tavares has suffered damages.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT

46. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

47. Kinder Works, its management, agents, and employees engaged in a pattern and practice of discrimination against Tavares with respect to the terms, conditions, and privileges of employment because of Tavares' gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and the Pregnancy Discrimination Act.

48. The acts, failures to act, practices, and policies of Kinder Works, set forth above, constitute discrimination against Tavares because of her gender and pregnancy in violation of the Pregnancy Discrimination Act amendment to Title VII.

49. Additionally, as more fully described above, Tavares has been subjected to dissimilar and disparate standards of treatment with respect to the terms, conditions, discipline, and privileges of employment solely because of her pregnancy.

50. Kinder Work's acts of discrimination were intentional, willful, and in reckless disregard for Tavares' rights and interests.

51. Kinder Works knew or should have known about the discriminatory employment practices engaged in by its management, agents, and employees.

52. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Kinder Works, in violation of the Civil Rights Act of 1964 and 1991, as amended, and the Pregnancy Discrimination Act, Tavares has suffered severe emotional distress, mental anguish, humiliation, embarrassment, and loss of self-esteem that she will continue to endure for an indefinite time in the future to her great detriment and loss. Further, Tavares has sustained a loss of earnings.

53. The aforesaid unlawful discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and the Pregnancy Discrimination Act warrant an award of punitive damages.

**WHEREFORE,** Plaintiff Colleen Tavares respectfully requests that this Honorable Court enter judgment in her favor against Defendant Kinder Works III, Inc. d/b/a Kinder Works, award Plaintiff such nominal, compensatory, and punitive damages allowable at law, together with attorney's fees, costs, expenses, pre-judgment and post-judgment interest, delay damages as are allowable by law, as well as other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

55. Kinder Works, its management, agents, and employees engaged in a pattern and practice of discrimination against Tavares with respect to the terms, conditions, and privileges of employment because of Tavares' gender and pregnancy in violation of the Pennsylvania Human Relations Act.

56. The acts, failures to act, practices, and policies of Kinder Works, set forth above, constitute discrimination against Tavares because of her gender and pregnancy in violation of the Pennsylvania Human Relations Act.

57. Additionally, as more fully described above, Tavares has been subjected to dissimilar and disparate standards of treatment with respect to the terms, conditions, discipline, and privileges of employment solely because of her pregnancy.

58. Kinder Work's acts of discrimination were intentional, willful, and in reckless disregard for Tavares' rights and interests.

59. Kinder Works knew or should have known about the discriminatory employment practices engaged in by its management, agents, and employees.

60. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Kinder Works, in violation of the Pennsylvania Human Relations Act, Tavares has suffered severe emotional distress, mental anguish, humiliation, embarrassment, and loss of self-esteem that she will continue to endure for an indefinite time in the future to her great detriment and loss. Further, Tavares has sustained a loss of earnings.

**WHEREFORE,** Plaintiff Colleen Tavares respectfully requests that this Honorable Court enter judgment in her favor against Defendant Kinder Works III, Inc. d/b/a Kinder Works, award Plaintiff such nominal and compensatory damages allowable at law, together with

attorney's fees, costs, expenses, pre-judgment and post-judgment interest, delay damages as are allowable by law, as well as other relief as this Court deems just and proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

62. Kinder Works engaged in extreme and outrageous conduct by taking the aforementioned actions against Tavares; including by berating Tavares while she was six-months pregnant for a prolonged period to the point that she required medical attention; and by continuing said conduct when it was already apparent that Tavares required medical attention.

63. Kinder Works' conduct went beyond all possible bounds of decency and was atrocious and utterly intolerable.

64. Defendant's conduct was reckless and intentional, made with the intent to cause harm to Tavares, and was motivated by Kinder Works' and its employees' personal animus towards Tavares.

65. Kinder Works' conduct caused severe emotional distress to Tavares, which was physically manifested in the incident in which Tavares was hospitalized and

66. As a direct and proximate result of Kinder Works' conduct, Tavares has suffered severe emotional distress, which was physically manifested in the incident which caused her to be hospitalized.

**WHEREFORE,** Plaintiff Colleen Tavares respectfully requests that this Honorable Court enter judgment in her favor against Defendant Kinder Works III, Inc. d/b/a Kinder Works, award Plaintiff such nominal, compensatory, and punitive damages allowable at law, together with attorney's fees, costs, expenses, pre-judgment and post-judgment interest, delay damages as are allowable by law, as well as other relief as this Court deems just and proper.

Respectfully submitted,

_____
Evan L. Frank, Esq.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Attorney for Plaintiff

Date: July 18, 2014

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all counts.

Respectfully submitted,

_____
Evan L. Frank, Esq.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Attorney for Plaintiff

Date: July 18, 2014